UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA HALLMAN,

    Plaintiff,

v.

Case No. 2:25-cv-10939-BRM-KGA
Hon. Brandy R. McMillion

Hon. TRAVIS REEDS, in his official capacity as
Chief Judge of Michigan's 52nd District Court;
Hon. LISA L. ASADOORIAN, in her official
capacity as a judge of the third division of
Michigan's 52nd District Court; and Hon.
JEFFERY S. MATIS, in his official capacity as
Chief Judge of Michigan's Sixth Circuit Court,

    Defendants.

---

## DEFENDANTS' MOTION TO DISMISS
## JUDGE ASADOORIAN

---

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Hon. Lisa L. Asadoorian requests the Court to dismiss her for the following reasons:

1. Plaintiff's Complaint claims Judge Asadoorian was rude to her brother in a court hearing. Plaintiff claims she has a First Amendment right to the audio recording of the hearing even though the written transcript is the official record of the court and has been provided.

2. Plaintiff alleges that Judge Asadoorian denied Plaintiff's request for the audio recording and is being sued "in her official administrative capacity." Complaint, ¶10 (ECF No.1). "In the alternative, she is sued in her judicial capacity for declaratory relief only." Id.

3. Exhibit 2 to the Complaint plainly shows that Judge Asadoorian did not respond to Plaintiff or deny Plaintiff's request for the audio recording. Instead, Amy Luce, the Court Administrator, provided Plaintiff with a copy of the Local Administrative Order which denies access to such recordings.

4. Plaintiff fails to state a claim against Judge Asadoorian because Exhibit 2 to the Complaint shows that Judge Asadoorian did not make the decision to deny access to the audio recording of the hearing and Plaintiff makes no well-pleaded allegation to the contrary.

5. Defendant Asadoorian's actions at the hearing involving Plaintiff's brother were in Judge Asadoorian's judicial capacity and are absolutely immune.

6. Defendant has sought concurrence in this motion from Plaintiff on April 28, 2025 and it was denied.

**WHEREFORE,** Defendant Asadoorian requests that she be dismissed from this case with prejudice.

GIARMARCO, MULLINS & HORTON, P.C.

By: /s/ William H. Horton
    **WILLIAM H. HORTON** (P31567)
    **JOHN R. FLEMING** (P79748)
    Attorneys for Defendants
    101 West Big Beaver Road, Tenth Floor
    Troy, Michigan 48084-5280
    (248) 457-7000
    bhorton@gmhlaw.com
    jfleming@gmhlaw.com

Date:  June 5, 2025

## LOCAL RULE CERTIFICATION

I, William H. Horton, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

    /s/ William H. Horton
    WILLIAM H. HORTON (P31567)

## CERTIFICATE OF SERVICE

On June 5, 2025, I certify that I electronically filed this document with the Clerk of the Court through the ECF System, which will send notice of such electronic filing to all counsel of record registered electronically.

    /s/ William H. Horton
    WILLIAM H. HORTON (P31567)
    Attorney for Defendant
    bhorton@gmhlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA HALLMAN,

    Plaintiff,

v.

Hon. TRAVIS REEDS, in his official capacity as
Chief Judge of Michigan's 52nd District Court;
Hon. LISA L. ASADOORIAN, in her official
capacity as a judge of the third division of
Michigan's 52nd District Court; and Hon.
JEFFERY S. MATIS, in his official capacity as
Chief Judge of Michigan's Sixth Circuit Court,

    Defendants.

Case No. 2:25-cv-10939-BRM-KGA
Hon. Brandy R. McMillion

---

**DEFENDANT'S BRIEF RE: MOTION TO DISMISS JUDGE ASADOORIAN**

---

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................................. iii
STATEMENT OF ISSUES PRESENTED ......................................................... iv
CONTROLLING AUTHORITY ......................................................................... v
INTRODUCTION ............................................................................................ 1
FACTS .......................................................................................................... 1
STANDARD FOR DECISION ......................................................................... 3
ARGUMENT .................................................................................................. 4
RELIEF REQUESTED .................................................................................... 7

# INDEX OF AUTHORITIES

## Cases

*Amir v. AmGuard Ins. Co.*, 606 F. Supp 3d 653 (E.D. Mich 2022) .............. v, 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................... 7

*Barnes v. Winchell*, 105 F.3d 1111 (6th Cir.1997) ........................................ 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................... 6

*Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530 (6th Cir. 2017) ................... 5

*Creelgroup, Inc. v. NGS American, Inc.,* 518 F. App'x 343 (6th Cir. 2013) ...... 5

*Kremhelmer v. Powers,* 633 F. Supp. 1145 (W.D. Mich. 1986) ....................... 6

*Land and Buildings Invest. Mgmt., LLC v. Taubman Ctrs., Inc.*, 751 F. Appx 612 (6th Cir. 2018) ................................................................................ 5

*Little v. Marathon Petroleum Co.*, 961 F.2d 1577 (6th Cir. 1992) ................... 6

*Mayer v. Mylod*, 988 F.2d 635 (6th Cir. 1993) ............................................. 3

*Mireles v. Waco*, 502 U.S. 9 (1991) ............................................................ 7

*New England Health Care Employees Pension Fund v. Ernst & Young*, 336 F.3d 495 (6th Cir. 2003) ........................................................................ 3

*Stern v. Mascio*, 262 F.3d 600 (6th Cir. 2001) ............................................. 7

*Weiner v. Klais and Co.*, 108 F.3d 86 (6th Cir. 1997) ................................... 3

*Williams v. CitiMortgage, Inc.*, 498 F. Appx 532 (6th Cir. 2012) .................... 5

## Statutes

42 U.S.C. § 1983 .................................................................................... 6

## Rules

Fed. R. Civ. P. 12(b)(6) ............................................................................ 4

## STATEMENT OF ISSUES PRESENTED

1. Does Plaintiff plausibly allege any facts that Judge Asadoorian denied Plaintiff's request for the audio recording of the court hearing on March 5, 2019?

2. Is Judge Asadoorian absolutely immune for acts in her judicial capacity?

# CONTROLLING AUTHORITY

*Amir v. AmGuard Ins. Co.*, 606 F. Supp 3d 653, 664 (E.D. Mich 2022)

## INTRODUCTION

Plaintiff alleges Judge Asadoorian denied Plaintiff's request for an audio recording of a hearing involving her brother.  However, that allegation is clearly belied by the email from the Court Administrator and Local Administrative Order, which is attached as Exhibit 2 to the Complaint (ECF No.1, PageID.60). The email from the Court Administrator simply communicated the Local Administrative Order which states that access to and copying of audio recordings is not permitted.  Plaintiff makes no plausible allegation that Judge Asadoorian was somehow involved in denying Plaintiff's request.  To the extent Judge Asadoorian is sued in her judicial capacity, she is absolutely immune.

## FACTS

In 2018, Plaintiff's brother, Richard Hallman, entered a guilty plea in the 52-3 District Court to a misdemeanor offense of possession of marijuana. Complaint, ¶24 (ECF No.1, PageID.11).  His guilty plea was held in abeyance pending completion of substance abuse counseling.  Richard engaged a counselor, but the counselor failed to provide the Court with evidence that Richard had attended the counseling.  As a result, Richard was properly issued a notice

1

of violation of the terms of his probation. Id. ¶¶24-25.[1]

A hearing was held on March 5, 2019. Plaintiff alleges Judge Asadoorian was rude to Richard and would not let him show her text messages and emails between Richard and the counselor. Richard pled guilty and Judge Asadoorian subsequently revoked Richard's deferred sentence and entered the guilty plea. Id. ¶¶26-27. A transcript of the hearing is attached as Exhibit A.

Later, Plaintiff hired a lawyer for Richard to sue the counselor, which he did in Oakland County Circuit Court. During that case, Richard issued a subpoena to the District Court to obtain the audio recording of the probation violation hearing. The District Court moved to quash the subpoena and the Circuit Court granted the motion. Id. ¶¶29-30. That order was not appealed and the case was later settled. Id. ¶¶32-33.

Later still, on April 4, 2022, Plaintiff emailed Judge Asadoorian, requesting a copy of the video and audio recording of Richard's probation violation hearing. Judge Asadoorian did not respond to Plaintiff's email. Instead, the District Court Administrator emailed Plaintiff, stating 1) there is no video recording of the hearing and 2) the audio recording is not a public record pursuant to the Local

---

[1] Since both Plaintiff and her brother have the same last name, they may be referred to by their first name.

Administrative Order, which she attached. *Id*. ¶¶36-37 and Exhibit 2 to the Complaint.

The Local Administrative Order is clear. Paragraphs 7 and 8 state:

> 7. <u>Access to court recordings</u>, log notes, jury seating charges, and other media of court proceedings made pursuant to M.C.R. 8.108 <u>is not permitted</u>.
>
> 8. <u>Copies of court recordings</u>, log notes, jury seating charges, and other media of court proceedings made pursuant to M.C.R. 8.108 <u>are not available</u>.

(Emphasis added). A copy of the Local Administrative Order is attached as Exhibit B.

Plaintiff alleges Judge Asadoorian was somehow involved in denying access to the audio recording, Complaint, ¶79 (ECF No.1, PageID.35), despite the email she attaches to the Complaint as Exhibit 2, which shows no involvement.

## STANDARD FOR DECISION

A Rule 12(b)(6) motion tests the legal sufficiency of the claim, accepting all well-pleaded facts as true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The Court may consider documents attached to this motion which are referred to, but not attached to, the Complaint. *Weiner v. Klais and Co.*, 108 F.3d 86, 89 (6th Cir. 1997). In addition, the Court may take judicial notice of public records. *New England Health Care Employees Pension Fund v. Ernst & Young*, 336 F.3d 495, 501 (6th Cir. 2003). The defense of absolute judicial immunity is the proper

3

subject of a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir.1997).

## ARGUMENT

Judge Asadoorian has never been the Chief Judge and never authorized or adopted the Local Administrative Order of the District Court. As indicated on the Order, it was signed by Defendant Reeds, the Chief Judge of the Court. The specific act complained of – denial of a copy of an audio recording of a court hearing involving Plaintiff's brother – was not an issue decided by Judge Asadoorian. Instead, the District Court Administrator communicated to Plaintiff that the properly-adopted, written, Local Administrative Order did not allow access to or copies of such recordings.

The allegations in the Complaint and the email attached to the Complaint as Exhibit 2 contradict one another. The Complaint alleges Judge Asadoorian denied the request for the audio recording, Complaint, ¶10 ("She denied Plaintiff's request for an audio recording…..), ¶79 (ECF No.1, PageID.60) ("In enforcing the District Court policy by denying recordings to an individual who was not party to the underlying proceedings, Judge Asadoorian, in her official capacity, was acting in an administrative capacity….").

4

However, the email from the Court Administrator states the Local Administrative Order was the basis for the denial and the Court Administrator was merely communicating that policy. The email clearly contradicts the allegation that Judge Asadoorian denied the request. There is nothing that shows Judge Asadoorian had any involvement.

When the allegations in a complaint and an attached exhibit contradict one another, the exhibit "trumps the allegations":

> And although a court must generally accept all well-pled facts as true, <u>if a document referenced in the complaint … contradicts the factual allegations in the complaint, the document "trumps the allegations</u>." *Williams v. CitiMortgage, Inc.*, 498 F. Appx 532, 536 (6th Cir. 2012); *see also Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017); *Land and Buildings Invest. Mgmt., LLC v. Taubman Ctrs., Inc.*, 751 F. Appx 612, 617 (6th Cir. 2018) ("Because L&B's breach-of-contract claim is belied by the clear terms of the very contract on which it is based, L&B has not stated a plausible claim."); *Creelgroup, Inc. v. NGS American, Inc.*, 518 F. App'x 343, 347 (6th Cir. 2013) (Explaining that a plaintiff "cannot survive a motion to dismiss, even if it has pleaded the existence of a contract, if the written instrument plainly contradicts the pleadings because 'when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.' ").

*Amir v. AmGuard Ins. Co.*, 606 F. Supp 3d 653, 664 (E.D. Mich 2022) (emphasis added).

Here, the exhibit supersedes the allegations in the Complaint and contradicts the allegation that Judge Asadoorian denied Plaintiff's request for the recording. There are no well-pleaded facts which show a proximate cause between Judge Asadoorian and the denial of the request. Proximate cause, of course, is a required element of a §1983 claim.

> To recover under 42 U.S.C. § 1983, plaintiff must demonstrate that the undisputed facts prove that the search deprived her of a constitutionally protected right, that defendant is legally responsible for that deprivation, and that such deprivation was the proximate cause of that injury.

*Kremhelmer v. Powers,* 633 F. Supp. 1145, 1151 (W.D. Mich. 1986) (emphasis added). Proximate cause requires cause in fact. *E.g., Little v. Marathon Petroleum Co.*, 961 F.2d 1577 (6th Cir. 1992). Plaintiff fails to allege a cause in fact and, therefore, fails to state a claim.

Defendants asked Plaintiff to voluntarily dismiss Judge Asadoorian on this basis. Plaintiff denied the request, stating she believes Judge Asadoorian either instructed the Court Administrator to deny the request based on the Local Administrative Order or otherwise had some involvement.

But that argument, of course, calls for impermissible speculation. A complaint must contain more than "a suspicion" or to simply attach "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor

6

does Plaintiff allege sufficient facts to meet the plausibility requirement of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ́ Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

To the extent Plaintiff claims Judge Asadoorian was acting in her judicial capacity, she is absolutely immune. *E.g., Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stern v. Mascio*, 262 F.3d 600, 606-07 (6th Cir. 2001). *Mireles* has been cited thousands of times.

## RELIEF REQUESTED

Judge Asadoorian should be dismissed with prejudice.

GIARMARCO, MULLINS & HORTON, P.C.

By: /s/ William H. Horton
**WILLIAM H. HORTON** (P31567)
Attorney for Defendants
101 West Big Beaver Road, Tenth Floor
Troy, Michigan 48084-5280
(248) 457-7000
bhorton@gmhlaw.com

Date: June 5, 2025

## LOCAL RULE CERTIFICATION

I, William H. Horton, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per

7

inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

/s/ William H. Horton
WILLIAM H. HORTON (P31567)

### CERTIFICATE OF SERVICE

On June 5, 2025, I certify that I electronically filed this document with the Clerk of the Court through the ECF System, which will send notice of such electronic filing to all counsel of record registered electronically.

/s/ William H. Horton
WILLIAM H. HORTON (P31567)
Attorney for Defendants
bhorton@gmhlaw.com