UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA HALLMAN,

    Plaintiff,

v.

Case No. 2:25-cv-10939-BRM-KGA
Hon. Brandy R. McMillion

Hon. TRAVIS REEDS, in his official capacity as
Chief Judge of Michigan's 52nd District Court;
Hon. LISA L. ASADOORIAN, in her official
capacity as a judge of the third division of
Michigan's 52nd District Court; and Hon.
JEFFERY S. MATIS, in his official capacity as
Chief Judge of Michigan's Sixth Circuit Court,

    Defendants.

---

## DEFENDANT ASADOORIAN'S REPLY BRIEF

## TABLE OF CONTENTS

Page No.

INDEX OF AUTHORITIES ................................................................................... iii
ARGUMENT ........................................................................................................ 1
RELIEF REQUESTED ........................................................................................... 2
LOCAL RULE CERTIFICATION ............................................................................ 3
CERTIFICATE OF SERVICE .................................................................................. 4

## INDEX OF AUTHORITIES

Page No.

**Cases**

*Bell Atlantic Corp v Twombly*, 550 U.S. 544, 555 (2007)...............................2

*In re Darvocet Prod. Liabl. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014) ...............2

**Rules**

Fed. R. Civ. Pro. 11(b)........................................................................2

## ARGUMENT

As Defendants have asserted in a separate motion, this case should be dismissed, which would render this motion moot. In the unlikely event the Court does not dismiss the entire case, it should dismiss Judge Asadoorian.

There are only two paragraphs in Plaintiff's 91 paragraph Complaint which speak to Judge Asadoorian. Paragraph 10 alleges Judge Asadoorian "denied Plaintiff's request for an audio recording of proceedings that occurred in her court…." ECF No.1,PageID.5. Paragraph 79 alleges Judge Asadoorian enforced "the District Court policy by denying recordings to an individual who was not party to the underlying proceeding…." ECF No.1, PageID.35.

But these allegations conflict with the email Plaintiff attached as an exhibit. Plaintiff does not dispute that the exhibit controls. That exhibit shows Judge Asadoorian did not make the decision to deny the recording to Plaintiff. As a result, there is no causal connection between Plaintiff's claim and Judge Asadoorian and Judge Asadoorian should be dismissed.

Plaintiff's only attempt to save her claim is to argue that Judge Asadoorian either 1) instructed the Court Administrator to deny Plaintiff's request or 2) sent Plaintiff's email to the Court Administrator because she knew the Court Administrator would deny the request. ECF No.17, PageID.224. But, of course, neither of those statements are alleged in the Complaint and no reasonable

1

inference connects the Complaint to those arguments. Plaintiff impermissibly invites speculation. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp v Twombly*, 550 U.S. 544, 555 (2007). "Suspicion" is insufficient. *Id*.

Nor would an attempt to amend the Complaint be proper. Plaintiff suggests in her brief that Judge Asadoorian <u>might</u> have instructed the Court Administrator to deny the request for the audio recording or that Judge Asadoorian <u>might</u> have sent the email to the Court Administrator knowing the Court Administrator would deny the request. This is insufficient. "The mere fact that someone believes something to be true does not create a plausible inference that it is true." *In re Darvocet Prod. Liabl. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014). In order to make those allegations, Plaintiff is, of course, required to have a good faith factual basis. Fed. R. Civ. Pro. 11(b).[1]

## RELIEF REQUESTED

Judge Asadoorian should be dismissed with prejudice.

---

[1] Judge Asadoorian denies she instructed the Court Administrator to deny Plaintiff's request or that she forwarded the email to the Court Administrator knowing the Court Administrator would deny the request.

                              GIARMARCO, MULLINS & HORTON, P.C.

                    By: /s/ William H. Horton
                         **WILLIAM H. HORTON** (P31567)
                         Attorney for Defendants
                         101 West Big Beaver Road, Tenth Floor
                         Troy, Michigan 48084-5280
                         (248) 457-7000
                         bhorton@gmhlaw.com

Date: August 5, 2025

## LOCAL RULE CERTIFICATION

I, William H. Horton, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

                                      /s/ William H. Horton
                                      WILLIAM H. HORTON (P31567)

## CERTIFICATE OF SERVICE

On August 5, 2025, I certify that I electronically filed this document with the Clerk of the Court through the ECF System, which will send notice of such electronic filing to all counsel of record registered electronically.

/s/ William H. Horton
WILLIAM H. HORTON (P31567)
Attorney for Defendants
bhorton@gmhlaw.com

4