UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA HALLMAN,

      Plaintiff,

v.

HON. TRAVIS REEDS, *in his official capacity as Chief Judge of Michigan's 52nd District Court*; HON. LISA L. ASADOORIAN, *in her official capacity as a judge of the third division of Michigan's 52nd District Court*; and HON. JEFFERY S. MATIS, *in his official capacity as Chief Judge of Michigan's Sixth Circuit Court*,

      Defendants.
_____/

Case No. 2:25-cv-10939

Hon. Brandy R. McMillion
United States District Judge

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS (ECF NO. 15)

Plaintiff Dr. Samantha Hallman ("Dr. Hallman" or "Plaintiff") brought this civil rights action against the Honorable Travis Reeds of Michigan's 52nd District Court; the Honorable Lisa L. Asadoorian of the Third Division of Michigan's 52nd District Court ("Judge Asadoorian"); and the Honorable Jeffery S. Matis of Michigan's Sixth Circuit Court (collectively, "Defendants") for the alleged unconstitutional denial of public access to court records and the right to copy and

1

disseminate publicly available court records in violation of the First Amendment and 42 U.S.C. § 1983. *See generally* ECF No. 1.

Before the Court are Defendants' Motion to Dismiss (ECF No. 15) and Defendant Judge Asadoorian's separately filed Motion to Dismiss (ECF No. 14). The Defendants assert that this Action should be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); ECF Nos. 14, 15. The Motions have been adequately briefed, so the Court will rule without a hearing. *See* ECF Nos. 35, 40; E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED** and Defendant Judge Asadoorian's Motion to Dismiss (ECF No. 14) is **DENIED AS MOOT**.[1]

I.

Dr. Hallman is a researcher and lecturer at the University of Michigan's School of Education, where she focuses on postsecondary education in prisons and teaches research methods and statistics. ECF No. 1, PageID.4-5. She holds a PhD in Psychology and Social Work. *Id*. She is also an avid advocate for judicial transparency and accountability. *Id*. at PageID.22-26. For example, she has requested to view, copy, and/or disseminate recordings of court proceedings from

---

[1] The Court notes that Defendant Judge Asadoorian's Motion to Dismiss (ECF No. 14) moved the Court to dismiss the Complaint based on absolute immunity. The Court need not reach the merits of whether absolute immunity applies when Defendants are acting in their judicial capacity because Plaintiff's Complaint is dismissed in its entirety on other grounds, as explained herein. Similarly, the Court need not address Defendants' argument that the Court should abstain from exercising jurisdiction pursuant to *Burford v. Sun Oil*, 319 U.S. 315 (1943) and *Younger v. Harris*, 401 U.S. 37 (1971) because it finds sufficient grounds that this Action is subject to dismissal.

2

Michigan state courts, the denial of which she purports is a violation of her Constitutional rights and has given rise to this Action. *Id*. at PageID.33-37.

The first time Dr. Hallman requested a recording of a judicial proceeding was from Michigan's 52nd District Court ("the District Court") in 2018, related to her brother's possession of marijuana misdemeanor offense to which he pled guilty. ECF No. 1 at PageID.11.  As part of his plea agreement, he was on probation for a year—a condition of which was to undergo substance abuse counseling.  *Id*.  He attended counseling as required, but the counselor did not timely provide the probation officer with proof of his attendance, which resulted in a probation violation.  *Id*.  Dr. Hallman and her family worked to assist her brother with obtaining the necessary documents directly from the counselor.  *Id*. at PageID.12. They were unsuccessful in doing so and the counselor contacted the probation department to report their actions as threats and harassment.  *Id*.  This led to a probation violation hearing.

On March 9, 2019, Judge Asadoorian presided over the hearing.  ECF No. 1 at PageID.12.  During the hearing, Judge Asadoorian told Dr. Hallman's brother to "shut [his] mouth" on several occasions when he tried explaining the situation to her.  *Id*. Judge Asadoorian ultimately revoked his deferred plea status, converted the marijuana possession offense to a permanent conviction, and sentenced him to five days of community service.  *Id*. at PageID.12-13.  Witnessing her brother's

3

experience in District Court compelled Dr. Hallman to become civically engaged in judicial elections and judicial accountability. *Id.*

Some of her advocacy experience includes: participating in a public comment before the Oakland County Board of Commissioners' Public Health and Safety Committee in June 2021; discussing the need for judicial transparency in a May 2022 Detroit Free Press Article; writing an email to the then-Chief Judge of the Oakland Circuit Court to advocate for changes in the Court's policies; launching bi-partisan efforts to state legislators regarding making court recordings public; seeking the State Bar of Michigan's support for a state bill put forth in 2023; participating in a public comment before the State Bar of Michigan's Board of Commissioners; conducting and presenting a study on "Democratizing Court-Watching in the Digital Age: Exploring Individual Court Policies Regarding Access to Audio/Video Recordings in Michigan;" actively participating in judicial elections for positions in the district courts, circuit courts, and the Michigan Court of Appeals; and regularly requesting court recordings from district and circuit courts in Michigan. ECF No. 1 at PageID.22-25.

The State of Michigan does not follow a universal rule for how courts must treat recordings of court proceedings; so the courts have broad discretion on the rules and policies they will establish. ECF No. 1, PageID.6-7. Under Model LAO 8, Michigan state district and circuit courts can choose from a variety of policy options

4

related to court recordings. *Id.* at PageID.7. The District Court makes all its audio or video recordings unavailable to the public. *Id.* at PageID.8-9. Meanwhile, Michigan Sixth Circuit Court's ("the Circuit Court") policy allows the public to view court proceedings, but does not allow copying, disseminating, or sharing those recordings with other members of the public without permission from a judge, which is determined based on "extraordinary circumstances." *Id.* at PageID.9.

Plaintiff has been subject to both policy options. In April 2022, she requested a copy of the video and audio recording of her brother's probation violation hearing from Judge Asadoorian. *See* ECF No. 15, PageID.138 (citing ECF No. 1, ¶¶ 36-37). The District Court Administrator informed her there was no video recording and denied the request for the audio recording because it was not a public record pursuant to Local Administrative Order. *Id.* Plaintiff also on several occasions has requested video recordings from the Circuit Court, which she was permitted to view at a room in the Courthouse. ECF No. 15, PageID.138 (citing ECF No. 1, ¶¶ 40, 46, 48).

On April 2, 2025, Plaintiff filed this Complaint alleging her rights to court access and the ability to disseminate court information to the public had been hindered. *See generally* ECF No. 1. She asserts that the District Court policy prohibiting access to and copying of court recordings violates the First Amendment; and the Circuit Court policy which implicitly prohibits copying and dissemination of recordings available for public viewing is a prior restraint. See ECF No. 1,

5

PageID.36-37. The present motions to dismiss these claims were filed on June 5, 2025. ECF Nos. 14, 15. The Motions have been adequately briefed, *see* ECF Nos. 14-15, 17-20, and therefore, the Court finds oral argument unnecessary and will rule on the record before it. *See* E.D. Mich. L.R. 7.1(f)(2).

## II.

In reviewing a 12(b)(6) motion, the Court must "accept all of the complaint's factual allegations as true and determine whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Facial plausibility requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). The Court is ultimately deciding "whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

To do so, the Court will generally only look to the four corners of a complaint, with the exception of "materials attached to a motion to dismiss if they are referred

to in the complaint and central to the claim." *Berry v. United States Dep't of Lab.*, 832 F.3d 627, 637 (6th Cir. 2016). The Court is not "constrained to accept '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**III.**

To state a federal claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Edison v. Township of Northville*, 752 F. Supp. 3d 808, 819 (E.D. Mich. 2024) (*citing West v. Atkins*, 487 U.S. 42, 48 (1988)). Plaintiff alleges that her constitutional rights were violated when Defendants denied her (1) access to District Court recordings of court proceedings and (2) authorization to copy and disseminate publicly available records pursuant to Circuit Court policy. *See generally* ECF No. 1. The Court will address each in turn.

**A. District Court Denial of Public Access to Court Records**

Plaintiff asserts that under the First Amendment, Michigan state courts must make court proceedings and court records presumptively open and available to the public. ECF No. 1, PageID.33. The Court disagrees. In *Richmond Newspapers, Inc. v. Virginia*, the Supreme Court explained that "in the context of trials[, …] the First Amendment guarantees of speech and press, standing alone, prohibit

7

government from summarily closing courtroom doors which had long been open to the public at the time that Amendment was adopted." 448 U.S. 555, 576 (1980). But, as Plaintiff correctly points out, the Court should apply the two-step "experience and logic test" from *Press-Enterprise Co. v. Superior Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1 (1986) (*Press-Enterprise II*) to determine whether a qualified First Amendment right of public access attaches to a judicial record. *See Courthouse News Serv. v. O'Shaughnessy*, 663 F. Supp. 3d 810, 815 (S.D. Ohio 2023), appeal dismissed (June 20, 2023) (internal citations omitted); ECF No. 18, PageID.247-56.

Under the *Press-Enterprise II* test, the Court assesses whether "both **experience** and **logic** indicate that a judicial record has in the past, and should in the future, be afforded public access." *Courthouse News*, 663 F. Supp. 3d at 815 (emphasis added). While courts have found that judicial records, such as nonconfidential civil complaints, do satisfy the test, the same has not been found for video or audio recordings such as the ones Plaintiff claims a constitutional right over. *Compare Courthouse News*, 663 F. Supp. 3d at 816-17 ("This caselaw and Courthouse News' evidence that state and federal courts throughout the nation and Ohio have traditionally provided access to complaints on receipt, lead the Court to conclude that complaints have been traditionally accessible to the public and press [. . .] This Court concludes that public access to complaints plays a significant role

8

in the functioning of the judicial process."); *with Stevens v. Boyd*, No. 1:18-cv-757, 2021 WL 5364814, at \*6 (W.D. Mich. Nov. 16, 2021), *aff'd sub nom. Stevens v. Michigan State Ct. Admin. Off.*, No. 21-1727, 2022 WL 3500193 (6th Cir. Aug. 18, 2022) ("[W]e have found no case establishing the historical availability of audio recordings of court proceedings when a party can attend a trial, receive a transcript, and request the right to record the proceedings themselves. We are not the only court to come back empty-handed in this regard.").

Despite citing to *Stevens*, Plaintiff repeats the same mistake the Sixth Circuit found in that case—a failure to provide a helpful historical record through which the Court can evaluate the "experience" prong of the test. *Stevens*, 2021 WL 5364814, at \*6. Instead, Plaintiff provides an extensive historical breakdown underscoring the context from which the right to access the courts derives. ECF No. 18, PageID.247-51. But as Defendants correctly point out, this "is not a case about access to a trial or hearing," nor has Plaintiff asserted anything to the contrary. ECF No. 15, PageID.141. Plaintiff does not allege she has been denied access to attend court proceedings at the District Court or Circuit Court. Rather, her position is that history "strongly supports the existence of an ***evolving*** […] practice of expecting courts to make available to the public information that it allows the public to observe." ECF No. 18, PageID.250 (emphasis added). In other words, Plaintiff asks the Court to extend the law such that it should equate "public access" to courts with

9

"technologically feasible" accessibility to "what actually happens in courts," such as access to recordings of proceedings. ECF No. 18, PageID.250. The Court declines to take such a leap just to reach Plaintiff's desired outcome.

Plaintiff's argument for the logic prong of *Press-Enterprise II* similarly fails. Under this prong, the Court must determine whether "logic demonstrate[s] a First Amendment right of access to audio recordings when a party already can attend a trial and receive a transcript of proceedings." *Stevens*, 2021 WL 5364814, at *5. Like the experience prong, Plaintiff conflates "**public presence** at [a] trial" with access to recordings of those trials or hearings. ECF No. 18, PageID.252 (emphasis added). According to Plaintiff, this conflation is warranted because "[i]n modern times, attendance at court during the day is unrealistic for the vast majority of the public." ECF No. 1, PageID.34. But mere inconvenience to exercise a constitutional right is not a ground to challenge state court policies which, at worst, do not alleviate those inconveniences.

The Court finds that given Plaintiff already "receives multiple forms of access to a trial," accessibility to court recordings is more like "a third form of access [that] does not play 'a particularly significant positive role in the actual functioning of the process.'" *Stevens*, 2021 WL 5364814, at *5 (*quoting Press-Enterprise II*, 478 U.S. at 11). And the Sixth Circuit has similarly affirmed if any right to copy tapes or transcripts from Court proceedings exists, "it must come from a source other than

10

the Constitution." *States v. Beckham*, 789 F.2d 401, 409 (6th Cir. 1986) (citing *Nixon*, 435 U.S. 589). Thus, while Plaintiff is well within her right to advocate for more access to recordings of state court proceedings – that is something to be done with policy makers and not the Courts.[2] What the Court can determine, and does here, is that the current inaccessibility which Plaintiff complains of under the District Court policy is not unconstitutional. Therefore, Plaintiff fails to state a claim under the First Amendment upon which relief can be granted.

**B. Circuit Court Denial of Copying and Disseminating Publicly Available Court Records**

Plaintiff's claim that she is entitled to copy and disseminate court records under the First Amendment fairs no better. Defendants also move to dismiss Count II of the Complaint based on the lack of a constitutional right to copy video or audio recordings of court proceedings. *See generally*, ECF No. 15. Plaintiff responds that "Defendants have offered no specific arguments as to why this Count should be dismissed, so their motion should be denied as to Count II." ECF No. 18, PageID.260. The Court finds this argument without merit. In fact, Defendants advance their position with extensive case law, albeit mostly persuasive authority, to show that the Supreme Court and various federal courts nationwide have rejected

---

[2] The Court notes that it appears Plaintiff has pursued that avenue to change access to court records, but such efforts have been unsuccessful. *See* ECF No. 15, PageID.142-143. Nonetheless, the Court is not the proper avenue to change public policy.

a constitutional right to copy recordings. *See* ECF No. 15, PageID.146; *see also Nixon*, 435 U.S. 589 at 409. Courts in this District have held the same. *See Somberg v. Cooper*, 582 F. Supp. 3d 438, 446 (E.D. Mich. 2022) ("[T]here is no First Amendment right to record courtroom events.").

Plaintiff further challenges dismissal by arguing the Circuit Court's ban on duplication and dissemination of recordings is an unconstitutional prior restraint. ECF No. 18, PageID.260-62; *see also* ECF No. 1, PageID.9-10. To do so, Plaintiff relies on *Soderberg v. Carrion*, 999 F.3d 962 (4th Cir. 2021), where the Fourth Circuit held that in line with the Supreme Court's decisions in *Cox Broadcasting*, 420 U.S. 469 (1975), and *Smith v. Daily Mail Publishing Co.*, 443 U.S. 97 (1979), the trial court must apply strict scrutiny to the Maryland statute at issue. ECF No. 18, PageID.261; *see also Soderberg*, 999 F.3d at 969.

In *Soderberg*, however, the Fourth Circuit addressed a broadcast ban related to "plaintiffs' copies of the official court recordings of state criminal proceedings [. . .] that was released to the public in official court records[,]" whereas here, the Circuit Court does not even permit copying or duplicating court proceedings at the outset. *See Soderberg*, 999 F.3d at 969; *see also* ECF No. 1, PageID.10. Additionally, the *Cox* Court held that "[a]t the very least, the First and Fourteenth Amendments will not allow exposing the press to liability for truthfully **publishing** information released to the public in official court records." *Cox*, 420 U.S. at 496

12

(emphasis added). Despite Plaintiff's attempt to confound copying and publishing court records, they are distinct, and her case law ultimately concerns the latter. While the Complaint does deal with the dissemination of recordings, the Court does not arrive at this analysis because Plaintiff has not provided case law to support any supposed constitutional right to copy nonpublic recordings. In fact, case law she does cite refrains from directly addressing the issue. *See Cox*, 420 U.S. at 496 ("We mean to imply nothing about any constitutional questions which might arise from a state policy not allowing access by the public and press to various kinds of official records, such as records of juvenile-court proceedings."). Finally, any constitutional right to recordings—which the Court does not recognize—is not absolute. *See Nixon*, 435 U.S. at 598 ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."). Therefore, the Court finds that Plaintiff has not adequately shown there is any constitutional right to copy and publicly disseminate court records, thereby failing to state a claim and warranting dismissal.

### IV.

Accordingly, Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED** and the Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Judge Asadoorian's Motion to Dismiss (ECF No. 14) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: October 28, 2025  /s/ Brandy R. McMillion
       Detroit, Michigan  Hon. Brandy R. McMillion
         United States District Judge